*Law Library*

FILED
SUPERIOR COURT
OF GUAM

2013 AUG -9 PM 2: 33

BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,                )    CRIMINAL CASE No. CF0109-12
                            )
                            )
        v.                   )    **DECISION AND ORDER**
                            )
SEAN ROBERT LEON GUERRERO,   )
               Defendant.     )
                            )

This matter came before the Honorable Judge Michael J. Bordallo on April 17, 2013 on Defendant's motion to dismiss. The Defendant was represented by Attorney F. Randall Cunliffe. The People were represented by Assistant Attorney General Matthew Heibel. Having reviewed the memorandum and papers presented, the court now issues the following decision GRANTING the Defendant's motion to dismiss.

## FACTUAL HISTORY

On February 14, 2012, a Grand Jury returned an indictment (hereafter first indictment) charging Defendant with two charges: 1) Third Degree Criminal Sexual Conduct, as a 2nd Degree Felony, 2 counts; and 2) Fourth Degree Criminal Sexual Conduct, as a Misdemeanor, 2 counts. On January 10, 2013, the People brought a superseding indictment (hereafter second indictment) before the Grand Jury, on alleged conduct identical to the first indictment and including the charges in the first indictment, plus additional charges alleging alternative theories. On this attempt to bring a second indictment, the Grand Jury did not return a true bill.

In light of these facts Defendant on March 6, and 19, 2013 has filed papers requesting that this matter be dismissed. Defendant argues that the Grand Jury's decision on the attempted second indictment nullifies the first. In support of this argument the Defendant cites

to the 1920 United States Supreme Court case of *U.S. v. Thompson*, 251 U.S. 407, where the Court explained that the common law power of a grand jury was continuous and thereby it enabled it to revisit prior indictments and change its mind.

On March 21, 2013 the People filed a paper in opposition to Defendant's request. It was entitled, People's Response to Defense's Motion to Dismiss the Indictment. In its papers the People argue that under subsequent authority the U.S. Supreme Court and Federal Circuits have explained that superseding indictments do not supplant one another until a dismissal or an election is filed by the people designating which indictment applies.

The Defendant filed a reply paper on March 25, 2013. In his paper he argues that although Federal law allows for multiple indictments and subsequent election by the prosecutor, that this doctrine is irrelevant to the instant issue.

## Discussion

Defendant requests that this Court dismiss the first indictment pending against him on the grounds that it has been nullified by the Grand Jury's no true bill of indictment. The People oppose this request. At issue in this case is the effect of the return of a no true bill upon a preceding, partly-identical indictment. A review of the Court's binding precedent reveals the novelty of this issue.

In Guam a felony criminal action must be prosecuted by an indictment or information. 8 GCA § 1.15. Section 50.54 of Title 8 of the Guam Code provides, "[a]n indictment is an accusation in writing, presented by the grand jury to a competent court." 8 GCA § 50.54. ) The Guam Code requires that an indictment, "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged, and shall be signed by the prosecuting attorney. 8 GCA § 55.10. A grand jury is to return an indictment, "when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." *Id*. Upon a grand jury's entry of a true bill of indictment, the alleged defendant is notified, a criminal action commences and the defendant's

constitutional, organic, and statutory rights attach. 8 GCA §§ 1.11 5.45, 48; U.S.C.A. § 1421; and U.S. Const. amends. VI-VI, XIV, and XVI.

The grand jury is rooted in centuries of American history. *U.S. v. Williams*, 504 U.S. 36, 47 (1992). It is mentioned in the Bill of Rights, but it is not in the body of the Constitution. Because of this it is not part of any of the three branches and "is a constitutional fixture in its own right." *Id.* The US Supreme Court has explained that under federal law,

> The grand jury's functional independence from the Judicial Branch is evident both in the scope of its power to investigate criminal wrongdoing and in the manner in which that power is exercised. Unlike a court, whose jurisdiction is predicated upon a specific case or controversy, the grand jury can investigate merely on suspicion that the law is being violated, or even because it wants assurance that it is not. It need not identify the offender it suspects, or even the precise nature of the offense it is investigating. The grand jury requires no authorization from its constituting court to initiate an investigation, nor does the prosecutor require leave of court to seek a grand jury indictment. And in its day-to-day functioning, the grand jury generally operates without the interference of a presiding judge. It swears in its own witnesses and deliberates in total secrecy.

*Id.* (citations omitted).

Persuasively, in a case very similar to the instant, the New York Court of Appeals explained that an important traditional purpose of the Grand Jury has also been to prevent prosecutorial excess. *People v. Jones*, 681 N.Y.S.2d 320-22 (N.Y. App. Div. 1994).[1] A Grand Jury ensures that "before an individual may be publicly accused of a crime and put to the onerous task of defending . . . the State must convince a Grand Jury . . . that there exists sufficient evidence and legal reason to believe the accused guilty." *Id.* In *Jones*, as in this case, the people, subsequent to the grand jury entering a true bill, brought a second indictment arising from the same course of conduct and alleging the same charges plus one additional. *Id.*

---

[1] While the Court recognizes that this interpretation is part derived from New York's Constitutional mandate of the use of a grand jury, it is also persuaded that this explanation of purpose applies equally to the historical purposes underlying the a grand jury in the U.S. Constitution and Guam's Organic Act.

at 321. The people then proceeding on the first indictment and defendant was convicted and appealed. The New York Court reversed the conviction, finding,

> The finding by the second Grand Jury must be given controlling effect and act as a finality to this proceeding. The trial court, in directing the trial to proceed pursuant to the first indictment, absent any legal basis to dismiss the finding of the second Grand Jury, is, in effect, substituting its own judgment for that of the Grand Jury. This is an impermissible interference with the essential function of the Grand Jury which is exclusive with respect to its duties of investigating and evaluating the evidence against defendant as presented by the People. Defendant's right to have the People's evidence presented before her peers for determination of sufficiency to prosecute is a vested and protected right designed to balance any prosecutorial excess between the State and the accused. The safeguard of this fundamental right cannot be disregarded.

*Id.* at 323.

The People in this case argues that the grand jury's re-consideration of the same charges and entry of no true bill upon those charges is to be viewed separately, independent of its first indictment. *Opp.* at 2. The Court is not persuaded by this argument. First, it runs contrary to common ideals of jurisprudence. Allowing contradicting findings upon the same issue by the same body undermines the ideals of comity, consistency, reliability, equity and fairness. Second, and perhaps more persuasive it undermines and supplants the independent jurisdictional authority and nature of a U.S. Constitution and Guam Organic, Grand Jury.[2] *Williams*, at 47.

A failure to recognize the Grand Jury's entry of no true bill on the charges set forth in the first indictment would be tantamount to the court not recognizing a grand jury's entry of a true bill on the same. *Jones* at 323. Absent being made aware of further binding precedent, the court is unable to preclude the dismissal of the People's February 14, 2012 indictment.

---

[2] Applying these facts, Guam law restricts a Superior Court's ability to decide whether the People's charges are supported by probable cause to those circumstances where a preliminary hearing has been conducted. 8 GCA §§ 45.50, 45.60, and 45.80.

## CONCLUSION

Based on the foregoing Defendant's motion to dismiss the People's indictment is granted. The February 14, 2012 indictment is hereby dismissed without prejudice.

SO ORDERED, this _____9th_____ day of ____August____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

AUG – 9 2013

_____
Carrie J. Mendiola
Deputy Clerk, Superior Court of Guam